# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6481 | **DATE** | 7/7/2004 |
| **CASE TITLE** | Duane Roach (#2002-0011028) vs. Sheriff Michael Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss (Doc. No. 11-1, 18-1) is granted in part and denied in part. Defendants are directed to file their answer to the complaint within 21 days. Counsel for Defendant is requested to arrange a telephone status conference with Plaintiff and the court to take place on a time and date during the first week in August 2004. On April 13, 2004, Plaintiff filed two motions with the court, but there is no indication that he served copies on Defendants, as required by the court's rules. Accordingly, the "motion for copy of statement" (Doc. No. 16-1) and "motion of argument reply" (Doc. No. 17-1) are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUL - 8 2004 date docketed | 19 |
| | Notified counsel by telephone. | | |
| / | Docketing to mail notices. | IS docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | 2004 JUL -7 PM 5:04 | 7-7-04 date mailed notice |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DUANE ROACH (# 2002-0011028), )
)
        Plaintiff, )
)
v. ) Case No. 03 C 6481
)
SHERIFF MICHAEL SHEAHAN, ) Judge Rebecca Pallmeyer
SUPT. HOLMES, CHIEF VIVADO and )
JOHN MAUL, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Duane Roach, currently a pretrial detainee at the Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Roach claims that Defendants, the Sheriff of Cook County and three Cook County Jail officers, violated his constitutional rights by denying him outdoor recreation and imposing other unlawful conditions of his confinement. Defendants have moved to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6). For the reasons stated below, the motion is granted in part and denied in part.

## DISCUSSION

### Standard of Review

In applying Rule 12(b)(6), the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his claims. "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). All well-pleaded facts are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert

19

additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir. 1994). Where, as in this case, the plaintiff is not represented by counsel, the court will employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995).

## FACTS

As alleged in his complaint, on July 27, 2002, Plaintiff was assigned to the protective custody ("PC") unit of the Cook County Jail ("Jail"). That afternoon, while his unit was on outdoor recreation, two other PC inmates engaged in a fight in which one of the two was stabbed. (Complaint, page 7.) From that day until August 2, 2003,[1] jail officials suspended all outdoor recreation for the PC unit. During that year without outdoor recreation, PC inmates, including Plaintiff, were kept in their cells for 23 hours and allowed outside their cells for only one hour per day. He claims that "at my age, my body needs to receive oxygen from nature. My back hurt from not being able to exercise properly; even all my joints as well as my neck are stiff from not exercising." (*Id.* at 6.) Apart from this stiffness and pain, Plaintiff cites no other injuries. Although Defendants cited safety concerns as the reason for the recreation suspension, Plaintiff suggests this is pretextual; he alleges that there are other times when PC inmates are mixed with general population inmates, such as when being transported to court or to medical clinics in a van, or while waiting for treatment at Cermak Hospital, the jail's medical facility. (*Id.* at 7A.)

---

[1] Defendants ask the court to strike Plaintiff's response to their motion because he failed to serve it on them. Plaintiff's failure to serve Defendants is disappointing, but the court directed the Clerk to serve the response on Defendants well prior to the date on which their reply was due. Notably, it is only in reading Plaintiff's response that the court learned that the suspension of outdoor recreation was terminated, an important matter because Defendants do not suggest that there is any basis for a permanent prohibition of outdoor recreation. As Defendants have not been prejudiced, their motion to strike is denied.

2

In addition to the outdoor recreation claim, Plaintiff asserts that during very hot weather in June of 2003, the heat inside his cell was extreme, "[d]ue to the fact that instead of cool air it was winter heat." *(Id.)* The heat, coupled with improper ventilation, smoke from other cells where inmates were cooking (using milk cartons as fuel), and smoke from cigars smoked by some jail officials, combined to create a health hazard. *(Id.)*

Plaintiff seeks injunctive relief and damages. Apart from the stiffness and pain he experienced from the lack of outdoor recreation, he cites no specific injuries. Nor has he explained what role the three supervisory officers (Acting Director John Maul, Superintendent M. Holmes, and Chief of Security S. Vivado) played in the alleged deprivations. Although Plaintiff has named Sheriff Michael F. Sheahan in the caption, his complaint makes no mention of the role, if any, that Mr. Sheahan played in the alleged wrongdoing.

## DISCUSSION

Plaintiff was a pretrial detainee in the Cook County Jail; therefore, his claims regarding the conditions of his confinement are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998), *citing Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Under either of these provisions, the standard for determining whether the conditions of confinement are punitive is the same, *Salazar v. City of Chicago*, 940 F.2d 233, 239-240 (7th Cir. 1991): Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Bell*, 441 U.S. at 542. Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Further, to establish a constitutional violation, Plaintiff must establish not only a grave deprivation, but also that defendant jail officials were deliberately indifferent to, or intended to subject him to harm. *See Farmer v.*

3

*Brennan*, 511 U.S. 825, 837 (1994).

## Heat and Smoke

With respect to Plaintiff's allegations concerning heat and smoke, the court concludes that the conditions he describes do not constitute punishment in the constitutional sense. The heat extended over a two-week period; while the circumstances were undoubtedly unpleasant, Plaintiff has not identified any extraordinary impact on his own health, nor has he identified any specific physical injury. The court is uncertain whether the smoke exposure occurred only over the same two-week period or over a longer period of time; regardless of the time frame, however, Plaintiff has not alleged that the smoke exposure resulted in any specific harm. Indeed, it is not even clear from Plaintiff's complaint that any of the individuals he has named as Defendants were aware of the heat or smoke, let alone that such individuals were deliberately indifferent to it. Because Plaintiff has failed even to allege that the conditions were an extreme deprivation or that the jail officials acted with deliberate indifference to his basic human needs, *see Wilson*, 501 U.S. at 298-302 (1991), his claims regarding heat and smoke are dismissed.

## Restrictions on Outdoor Recreation

In addition to the heat and smoke in June 2003, Plaintiff's complaint challenges the deprivation of outdoor recreation over a one-year period. As the Seventh Circuit has recognized in *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996), "[l]ack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Id.* at 1432. Case law makes it clear that a prisoner seeking to establish a threat to his health from the lack of exercise has a difficult burden, however. *See Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) ("Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation"). The fact that prisoners were confined indoors may not be sufficient to state a claim; even severe restrictions on outdoor exercise do not

violate due process where the pretrial detainee has an opportunity for indoor activities. *See Thomas v. Ramos,* 130 F.3d 754, 764 (7th Cir. 1997) (no deprivation where prisoner had room in his cell to do push-ups, sit-ups, step-ups, and jogging in place); *Stewart v. McGinnis,* 800 F. Supp. 604, 616 (N.D. Ill. 1992), *aff'd,* 5 F.3d 1031 (7th Cir. 1993) (no constitutional deprivation where inmates were not permitted to exercise outdoors during an 85-day lockdown period but were permitted to leave their cells, use the day room, visit other cells, and go to the bathroom at any time; *citing Martin v. Tyson,* 845 F.2d 1451, 1456 (7th Cir. 1988) for its holding that a four month ban on outdoor recreation was acceptable if justified by a legitimate prison concern). Generally, therefore, if they serve a legitimate objective, even severe restrictions on outdoor exercise do not violate the Eighth Amendment (or due process, where pretrial detainees are at issue) so long as prisoners have ample opportunity to enjoy indoor activity.

In his complaint, Plaintiff implicitly acknowledges that he was out of his cell for an hour a day, presumably in a day room or other room larger than his cell in which he could choose to exercise if he wished to do so. Assuming that the outdoor recreation restriction was imposed to address a legitimate prison concern, that restriction may well not constitute a violation of Plaintiff's constitutional rights. In their memorandum in support of their motion to dismiss, Defendants have devoted considerable attention to this issue, insisting that legitimate security concerns justified the suspension of outdoor exercise. (Defendants' Motion to Dismiss at [unnumbered] pages 6-8.) In the court's view, these assertions go beyond the allegations of Plaintiff's complaint. Defendants point out that Plaintiff acknowledged that Defendants Maul, Holmes, and Vivado cited safety concerns when they suspended outdoor recreation, (*id.* at [unnumbered] 8), but read as a whole, the complaint challenges the *bona fides* of these concerns. Plaintiff points out that inmates are transported together in vans for travel to court and for medical treatment, despite Defendants' purported concerns about safety. On a motion to dismiss, the court accepts this allegation as true and draws inferences in favor of Plaintiff.

5

To the extent Defendants rely on safety or security concerns as a basis for this motion, their arguments are, in this court's view, premature. On a motion for summary judgment, the court would expect to consider evidence concerning this matter, and such other issues as whether jail officials could have addressed legitimate security concerns with measures less restrictive than a wholesale prohibition on outdoor exercise and recreation. Indeed, assuming that legitimate concerns required Defendants to bar outdoor recreation for protective custody inmates, the court would expect them to explain what enabled them to lift the restriction in August 2003.

### Claim against Sheahan

Defendant Sheahan argues that the complaint should be dismissed as against him. He asserts that no official capacity claim is available where Plaintiff has not alleged the existence of a custom or policy enforced or approved by the Sheriff, and that Plaintiff has not alleged that Sheriff Sheahan had any personal involvement in the challenged restriction.

With respect to the official capacity claim, the court disagrees. Defendants contend that Plaintiff is required to make "'boiler plate' allegations of a custom, policy or practice enforced or approved by the SHERIFF." (Defendants' Motion to Dismiss at [unnumbered] page 5.) To the contrary, in this court's view, Plaintiff's allegations that he and other protective custody inmates were denied outdoor recreation for more than one year on their face imply the existence of an official jail policy, as opposed to a random, unauthorized or negligent act on the part of a jail official.

Defendants' argument for dismissal of individual capacity claims against the Sheriff has traction, however. Liability under 42 U.S.C. § 1983 requires personal involvement; the defendant must have acted or failed to act with a deliberate or reckless disregard of the plaintiff's constitutional rights, or others' actions violating the plaintiff's rights must have occurred at his direction or with his knowledge and consent. *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff's claims against Sheriff Sheahan

appear to rest on the assumption that he must have been involved in every decision at Cook County Jail, an assumption the court does not share. Indeed, Plaintiff has not identified the role any of the three other named Defendants played in the decision to deprive him of outdoor recreation. Defendants Holmes, Vivado, and Maul have not sought dismissal on this ground, however, and the court presumes their personal involvement will be explored in discovery and/or trial or summary judgment.

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss (Doc. No. 11-1, 18-1) is granted in part and denied in part. Claims relating to heat and smoke exposure are dismissed. Claims against Sheriff Sheahan in his personal capacity are also dismissed. The motion is otherwise denied, and Defendants are directed to file their answer to the complaint within 21 days. Counsel for Defendants is requested to arrange a telephone status conference with Plaintiff and the court to take place on a date and time during the first week in August 2004.

ENTER:

Dated: July 7, 2004

REBECCA R. PALLMEYER
United States District Judge